TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-103 |
| of | : | |
| | : | June 1, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE H. PETER KLEIN, COUNTY COUNSEL, COUNTY OF MENDOCINO, has requested an opinion on the following question:

Is a residential project built and owned by a county community development commission to be used as low-income rental units exempt from a school district's levy of school impact fees?

CONCLUSION

A residential project built and owned by a county community development commission to be used as low-income rental units is exempt from a school district's levy of school impact fees.

ANALYSIS

A school district is authorized to levy fees, called "school impact fees," on development projects constructed in its territory as set forth in Education Code section 17620. **Footnote No. 1** The fees are used to pay for school facilities made necessary by students moving into the district because of the new developments. Section 17620 provides:

"(a)(1) The governing board of any school district is authorized to levy a fee, charge, dedication, or other requirement against any development project within the boundaries of the district, for the purpose of funding the construction or reconstruction of school facilities, subject to any limitations set forth in Chapter 4.9 (commencing with Section 65995) of Division 1 of Title 7 of the Government Code. This fee, charge, dedication, or other requirement may be applied to construction only as follows:

"(A) To new commercial and industrial construction. . . .

"(B) To new residential construction.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) For purposes of this section, 'development project' means any project undertaken for the purpose of development, and includes a project involving the issuance of a permit for construction or reconstruction, but not a permit to operate.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." **Footnote No. 2**

The question presented for resolution is whether one government agency (a school district) may impose a fee upon another government agency (a county housing authority) when the fee is a school impact fee. We conclude that the Legislature has not authorized the payment of a school impact fee by a state or local government agency.

The Constitution generally exempts "[p]roperty owned by a local government" from property taxation. (Cal. Const., art. XIII, § 3, subd. (b).) **Footnote No. 3** The rationale behind the exemption "is to prevent one tax-supported entity from siphoning tax money from another such entity; the end result of such a process could be unnecessary administrative costs and no actual gain in tax revenues. [Citations.]" (*San Marcos Water Dist.* v. *San Marcos Unified School Dist.* (1986) 42 Cal.3d 154, 161.)

A school impact fee is not a "tax" for purposes of this tax exemption provision. Rather, it constitutes a "special assessment." (See *San Marcos Water Dist.* v. *San Marcos Unified School Dist.*, *supra*, 42 Cal.3d at 161-162; *Shapell Industries, Inc.* v. *Governing Board* (1991) 1 Cal.App.4th 218, 234; *J.W. Jones Companies* v. *City of San Diego* (1984) 157 Cal.App.3d 745, 755.)

Although the Constitution does not expressly exempt public agencies from the payment of special assessments, a special assessment is impliedly treated in the same manner as a property tax "unless there is a positive legislative authority therefor." (*Inglewood* v. *County of Los Angeles* (1929) 207 Cal. 697, 704.) Accordingly, if the Legislature has expressly authorized payment of a special assessment by public agencies, the agencies are liable for the assessment; otherwise, they are not. (*San Marcos Water Dist.* v. *San Marcos Unified School Dist.*, *supra*, 42 Cal.3d at 161, 166, 168.) **Footnote No. 4**

The public agency that owns the land in question is a county community development commission. The commission is a public agency operating under authority of state law to provide housing for low-income residents of the county. (Health & Saf. Code, §§ 34100-34160.) The commission qualifies as a "local government" for purposes of determining whether it would be impliedly exempt from the levy of school impact fees "unless there is a positive legislative authority therefor." (See *The Housing Authority* v. *Dockweiler* (1939) 14 Cal.2d 437.) The legal issue to be resolved, therefore, is whether the Legislature has expressly authorized the imposition of school impact fees upon public agencies.

In analyzing this issue, we turn to the provisions of Government Code section 65995, subdivision (d). It exempts certain developments from the levy of school impact fees as follows:

"For purposes of Section 53080 and this chapter, 'residential, commercial, or industrial development' does not include any facility used exclusively for religious purposes that is thereby exempt from property taxation under the laws of this state, any facility used exclusively as a private full-time day school as described in Section 48222 of the Education Code, or any facility that is owned and occupied by one or more agencies of federal, state, or local government. . . ." **Footnote No. 5**

By exempting facilities owned *and* occupied by government agencies, it may be argued that the Legislature has implicitly authorized the imposition of school impact fees on new developments such as the commission's project, which will be owned by the commission but will be occupied by private individuals.

We are compelled to reject the argument based upon recent judicial decisions. Significantly, neither section 17620 nor its predecessor includes any legislative authorization for the imposition of a special assessment upon a public agency. There is no express authorization to overcome the implied general exemption from special assessments for public agencies.

In *San Marcos Water Dist.* v. *San Marcos Unified School Dist., supra,* 42 Cal.3d 154, the court considered a similar situation. It rejected the argument that a water district was impliedly authorized to impose a special assessment against other public agencies. The court stated:

"The water district's argument is that because . . . section [39613] permits the school district to build its own sewer system or acquire rights in another system, and to pay for such projects with money from the district's building fund (which is used for funding capital improvements), therefore this section implicitly authorizes the school district to pay an *assessment* imposed on it by the water district. But if the Legislature intended school districts to be subject to special assessments for sewer systems, it undoubtedly would have said so directly. For example, Education Code section 39609 *expressly* authorized school districts to 'appropriate money to pay assessments, for the improvement of streets or other public places.' By contrast, Education Code section 39613 contains no reference whatsoever to assessments.

"The predecessor of Education Code section 39613 was enacted as an urgency measure in 1950 to allow school districts to use building funds to construct sewer systems either alone or in conjunction with others, without regard to the proximity of the systems. According to section 39613, a school district can build its own sewer system or acquire ownership rights in a system built with others. In addition, Education Code section 39011 authorizes or requires a school district to pay for the installation costs when contracting with a water district for sewer service. Neither statute authorizes or requires a school district to appropriate money to pay special assessments. As we have previously explained, a special assessment may not be imposed on property belonging to a public agency absent *express* legislative authorization. [Citation.]

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The water district next argues that section 31101.5 of the Water Code, which became effective in 1983, authorizes the water district to levy a special assessment for capital improvements upon the school district. Section 31101.5 states: 'A district may supply sewage and waste services to property not subject to district taxes at special rates, terms, and conditions as are determined by the board for the services.' But this section uses the word 'services'; it does not mention *assessments* and it does not mention *fees for capital improvements*. It simply allows water districts to set rates for public agencies that are different than the rates for private customers.

"Other sections of the Water Code cited by the water district likewise provide no authority for assessing property owned by public agencies. Section 31100 gives water districts the right to contract with public agencies. Section 31101 permits water districts to charge for services and facilities. None of these sections provides the express authority that is required for imposing a special assessment on a public entity." (Id*., at pp.* 165-167, fns. omitted.)

The court's reasoning in *San Marcos* is equally applicable to the present situation. Government Code section 65995, subdivision (d), is an exclusion from the levy of school impact fees, not an authorization to levy such fees. It is not contrary to the implied exemption from special assessments afforded to all state and local governments. There is simply no *express* legislative authorization for the payment of school impact fees by public agencies.

As stated in *San Marcos Water Dist.* v. *San Marcos Unified School Dist.*, *supra*, 42 Cal.3d at 167: "Public entities are exempt from property taxes and special assessments in order to preserve the balance in funding established by the Legislature and to avoid unnecessary administrative costs." (See also *Sacramento Mun. Utility Dist.* v. *County of Sonoma* (1991) 235 Cal.App.3d 726, 736.)

We conclude that a residential project built and owned by a county community development commission to be used as low-income rental units is exempt from a school district's levy of school impact fees.

* * * * *

---

**Footnote No. 1**
All references hereafter to the Education Code are by section number only.
**Footnote No. 2**
Government Code section 65995 establishes limits on the amount of the fees that may be levied.
**Footnote No. 3**
It also exempts from property taxation "[p]roperty owned by the State." (Cal. Const., art. XIII, § 3, subd. (a).)
**Footnote No. 4**
We note that school impact fees are not subject to the voter approval requirements of Proposition 218, which became effective on November 6, 1996. Section 1 of article XIIID of the Constitution provides:

". . . Nothing in this article or Article XIIIC shall be construed to:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Affect existing laws relating to the imposition of fees or charges as a condition of property development.

".................................................."

**Footnote No. 5**
Government Code section 53080 was repealed effective January 1, 1998. (Stats. 1996, ch. 277, §§ 7, 17.) Its provisions were reenacted as section 17620, quoted above. The Legislature declared the reenactment to be a restatement and continuation of existing law. (Stats. 1996, ch. 277, § 15.) Government Code section 65995 was not amended to reflect the fact that the authority to impose school impact fees is now found in the Education Code. However, Government Code section 9604 states:

"When the provisions of one statute are carried into another statute under circumstances in which they are required to be construed as restatements and continuations and not as new enactments, any reference made by any statute, charter or ordinance to such provisions shall, unless a contrary intent appears, be deemed a reference to the restatements and continuations."

Accordingly, we treat the reference to Government Code "Section 53080" as being a reference to Education Code section 17620.